UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HAYWARD DEAN,<br>Plaintiff | CIVIL ACTION NO. 1:18-MC-00033 |
| VERSUS | |
| AKAL SECURITY, INC.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

---

## MINUTES AND MEMORANDUM ORDER

Before the Court are: (1) a "Motion to Enforce and Compel Compliance with Third-Party Subpoena" ("Motion to Enforce") (Doc. 1), filed by Plaintiff Hayward Dean ("Dean"); and (2) a "Cross-Motion to Quash Third-Party Subpoena" ("Motion to Quash") (Doc. 4), filed by Defendant Akal Security, Inc. ("Akal"). Dean seeks an order compelling compliance of a second third-party subpoena issued to Bracewell, LLC ("Bracewell") on July 19, 2018 ("Second Subpoena"). (Doc. 1, pp. 5-10). Akal opposes and seeks quashal of the Second Subpoena. (Doc. 4). Bracewell, a non-party, also opposes Dean's Motion to Enforce. (Doc. 5). Dean opposes Akal's Motion to Quash. (Doc. 20). This matter was set for hearing on September 27, 2018 but was continued without date by joint motion. (Docs. 21, 22, 23). No action was thereafter taken by the parties. The Court initiated a telephone status conference before the undersigned on March 21, 2019.[1]

---

[1] Participating were James Edward Sudduth, III and Matthew Seth Sarelson for Dean, and Charles F. Seeman, III and Tony H. McGrath for Akal. The parties discussed the status of the pending motions and made additional argument on the briefs. The parties indicated no additional briefing was necessary.

## I.    Background

The underlying collective action was filed by Dean under 29 U.S.C. § 216(b) on behalf of himself and other similarly situated current and former employees against Akal for alleged violations of the Fair Labor Standards Act ("FLSA").  See Dean v. Akal Security, Inc., 1:17-cv-00543 (W.D. La.).  Dean alleges he, and other similarly situated Akal employees, should have been paid overtime for unpaid meal periods pursuant to Akal's April 2014 policy when they worked more than 40 hours per week. Akal alleges Dean's counsel has three other actions pending against Akal making identical allegations, citing Gelber v. Akal Security, Inc., Case No. 1:16-cv-23170 (S.D. Fla.); Alonzo v. Akal Security, Inc., Case No. 2:17-cv-00836 (D. Az.); Smith, et al. v. Akal Security, Inc., Case No. 2:18-cv-01117 (D. Az.). (Doc. 4).  Akal claims discovery regarding Akal's April 2014 meal policy period is duplicative amongst the four actions. (Doc. 4).

Akal claims it is defending against Dean's allegations, including raising a "good faith" affirmative defense.[2] (Doc. 4).  Akal alleges its good faith defense is based on the fact that Bracewell reviewed the April 2014 meal period policy before it was implemented and advised Akal that it complied with the FLSA.[3]  (Doc. 4).  Akal further alleges Bracewell also represented Akal in a previous lawsuit involving three

---

[2] The FLSA provides that liquidated damages may be avoided if the employer's conduct was in good faith and based on reasonable grounds for believing that the conduct complied with the FLSA.  See 29 U.S.C. § 260.

[3] Akal asserts it changed its meal period policy in April 2014 to require ASOs to take a one-hour unpaid meal period on each shift, specifically to be taken on the "return leg" of each shift.  (Doc. 4).  Akal asserts no unpaid meal was required on the return leg because ASOs were completely relieved from duty with no detainees on board.  (Doc. 4).

different meal period policies that had been in place prior to 2014, citing Kankel, *et al.* v. Akal Security, Inc., Case No. 3:13-cv-02651 (N.D. Tex.). (Doc. 4). Akal concedes that, as part of its good faith advice-of-counsel defense, it waived the attorney-client privilege only with regard to the Bracewell attorneys' review of the April 2014 meal period policy. (Doc. 4). As a result, Akal asserts it produced numerous privileged emails and draft policies and allowed Plaintiffs' counsel to depose attorney John Ferguson ("Ferguson") on February 15, 2017, in one of the other three FLSA actions challenging the same April 2014 meal period policy, Gelber v. Akal Security, Inc., Case No. 1:16-cv-23170 (S.D. Fla.). (Doc. 4).

Relative to the underlying collective action in this Court, Dean v. Akal Security, Inc., 1:17-cv-00543 (W.D. La.), Dean served a wide-ranging subpoena for production of documents on Bracewell[4] dated April 6, 2018 ("First Subpoena"). Akal responded with a Motion to Quash in the United States District Court for the District of Columbia, which was transferred by consent to this Court – where the litigation is pending – for disposition. See Dean v. Akal Security, Inc., 1:18-mc-00020 (W.D. La.).[5] After the matter was fully briefed by the parties, and after oral argument on July 16, 2018, this Court granted in its entirety Akal's Motion to Quash Dean's First Subpoena. Dean, 1:18-mc-00020. The Court found that Dean's First Subpoena called

---

[4] Bracewell was formerly Bracewell & Giuliani LLP, a law firm who reviewed the April 2014 meal period policy at issue in the underlying litigation. (Doc. 1). Dean's subpoena was issued to "Bracewell, LLC (formerly known as Bracewell and Guilliani LLP), c/o Mark K. Lewis, D.C. Managing Partner."

[5] Bracewell joined Akal's Motion to Quash Dean's First Subpoena on all grounds stated, and consented to the relief requested, including transfer to the Western District of Louisiana.

for information outside the scope of discovery under Fed. R. Civ. P. 26. <u>Dean</u>, 1:18-mc-00020, Doc. 26. The Court advised that any request for the entire <u>Kankel</u> file was overbroad and assisted the parties in narrowing the scope of an appropriate subpoena to include: (1) information that was either specifically related to Attorney Ferguson's decision to reincorporate language in the 2014 meal plan policy; and (2) information which specifically informed Attorney Ferguson's decision to make other additions or deletions between the 2009 and 2014 meal period policies. <u>Dean</u>, 1:18-mc-00020, Docs. 26, 28. Additionally, the Court advised the parties to work together, confer on the front end of the issuance of the subpoena, and narrowly tailor the information to comport with this Court's advice to avoid additional litigation about this exact issue. <u>Dean</u>, 1:18-mc-00020, Docs. 26, 28.

In response, Dean issued the Second Subpoena on Bracewell on July 19, 2018, with a response date of August 3, 2018. (Doc. 1, pp. 5-10). On August 9, 2018, "upon no response," Dean filed a Motion to Enforce in United States District Court for the District of Columbia. (Doc. 1, p. 1). Dean seeks immediate compliance under Fed. R. Civ. P. 45, not contempt of court, for Bracewell's failure to produce responsive documents. (Doc. 1). Akal filed an opposition and cross-motion to quash in the United States District Court for the District of Columbia. (Doc. 4). Akal asserts Dean's Second Subpoena seeks a similar scope of documents, including some of the exact same requests, as the previously quashed First Subpoena. (Doc. 4). Akal argues the requests are overly broad, protected by the attorney-client or work product privilege, or are outside the scope of discovery. (Doc. 4). The parties do no dispute Akal's

standing to raise its Motion to Quash.[6] Akal seeks denial of Dean's Motion to Enforce, an order quashing the Second Subpoena, or an order for a meet and confer among the parties and Bracewell's counsel. (Doc. 4). Upon Akal's request to transfer to this Court (Doc. 1), and upon Bracewell's consent (Doc. 6), the matter was transferred to this Court for disposition. (Doc. 8).

## II. Law and Analysis

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "On timely motion, [a] court . . . must quash or modify a subpoena" if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" . . . or otherwise "subjects [the subpoenaed] person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). If the court where compliance is required did not issue the subpoena, "it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

A subpoena issued for discovery purposes is also subject to the discovery limitations of Fed. R. Civ. P. 26(b). See Jones v. Steel Fabricators of Monroe LLC,

---

[6] The Court sees no need to address Akal's standing to raise objections to the subpoena against non-party Bracewell. While standing to challenge the subpoena would generally be the Court's first inquiry, the parties do not take issue with Akal's standing. Moreover, the Second Subpoena directed to Bracewell concerns Akal's personal interests because the discovery requests invoke claims of attorney-client privilege. See Campbell v. GECOS G.M.B.H., 2012 WL 4483528, at *1 (W.D. La. Sept. 26, 2012); Bounds v. Capital Area Family Violence Intervention Center, Inc., 314 F.R.D. 214, 218 (M.D. La. Mar. 21, 2016); see also WIII Uptown, LLC v. B&P Rest. Grp., LLC, 2016 WL 4620200, at *4 (M.D. La. Sept. 6, 2016).

2015 WL 5676838, at *3 (W.D. La. Sept. 25, 2015), report and recommendation adopted, 2015 WL 6023143 (W.D. La. Oct. 14, 2015).

The moving party bears the burden of demonstrating that compliance with a subpoena would be unduly burdensome. See Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004). A court's consideration of a motion to quash a third-party subpoena as unduly burdensome should be governed by the following factors: (1) relevance of the information sought; (2) the requesting party's need for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity of the description of the documents; and (6) the burden imposed. Wiwa, 392 F.3d at 818. The Fifth Circuit has held that the "modification of a subpoena is preferable to quashing it outright." Wiwa, 392 F.3d at 818 (holding that the district court erred in quashing a subpoena without providing justification).

Dean seeks a Motion to Enforce under Rule 45(e) of the Federal Rules of Civil Procedure. (Doc. 1). Rule 45 allows the court where compliance is required – and, upon transfer, the issuing court – to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. Fed. R. Civ. P. 45(e). If an objection is made to the subpoena, "the serving party, on notice to the commanded person, may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

Akal asserts Dean's counsel failed to meet and confer with Akal prior to issuing the Second Subpoena. (Doc. 4). Bracewell joins Akal's opposition to Dean's Motion to

Enforce. (Doc. 5). Bracewell asserts that they attempted to confer with Dean's counsel, but calls were not returned. (Doc. 5). Local Rule 37.1 of the Local Rules for the United States District Court for the Western District of Louisiana requires any discovery motion to include a certificate of counsel for the moving party that counsel "conferred in person or by telephone for the purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." Under Local Rule 37.1, the Court may impose sanctions for failure to confer in good faith.

Additionally, Rule 37 of the Federal Rules of Civil Procedure mandates that a movant's motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. Cottonham v. Allen, 2016 WL 4035331, at *2 (M.D. La. Jul. 25, 2016) (citing Shaw Grp. Inc. v. Zurich Am. Ins. Co., 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014).

Akal argues that upon being advised the subpoena was being served, Akal's counsel Tony H. McGrath ("McGrath") emailed Dean's counsel. (Doc. 4). In support, Akal attaches the declaration of McGrath, who attests that Dean's counsel failed to contact any of Akal's counsel of record prior to issuing the Second Subpoena to discuss a more limited scope of the requested documents. (Doc. 4-1). McGrath attests that he emailed counsel for Dean on July 19, 2018 concerning the subpoena served on

Bracewell. (Doc. 4-1). McGrath also attests that Dean's counsel failed to meet and confer prior to both issuing the Second Subpoena and filing his Motion to Enforce. (Doc. 4-1). Akal shows that on July 19, 2018, its counsel informed Dean's counsel that Bracewell no longer has Akal's files, as they have all been transferred to Ferguson's new law firm. (Doc. 4-1). McGrath also informed Dean's counsel that his requests #2-8 were the same that this Court previously quashed. (Doc. 4-1). McGrath requested the subpoena be withdrawn, or that Akal would seek attorneys' fees and sanctions. (Doc. 4-1). Akal and Bracewell also contend Bracewell attempted to contact Dean's counsel to no avail concerning the Second Subpoena. (Docs. 4, 5).

The Court has reviewed and compared the First Subpoena, subject to the previous quashal, to the Second Subpoena. Dean's Second Subpoena is essentially identical to the First Subpoena with very minor changes. See Doc. 1, p. 8-10; Dean, 1:18-mc-00020, Docs. 26, 28. Specifically, Items 5-8 are identical to Items 6-9 of the First Subpoena. See Doc. 1, p. 8-10; Dean, 1:18-mc-00020, Docs. 26, 28. Moreover, the minor changes to Items 1-4 of the quashed First Subpoena were insufficient to comply with this Court's previous guidance and Order. See Doc. 1, p. 8-10; Dean, 1:18-mc-00020, Docs. 26, 28. Dean fails to sufficiently narrow the documents sought in accordance with the instructions of this Court, tailored specifically to the limited waiver of the attorney-client privilege as it relates to advice of counsel concerning Akal's 2014 meal break policy. See Dean, 1:18-mc-00020, Docs. 26, 28. For the same reasons previously stated on record regarding the First Subpoena, and because Dean continues to seek discovery that is outside the outside the scope of discovery under

Fed. R. Civ. P. 26, Akal's Motion to Quash is GRANTED. <u>See</u> Doc. 1, p. 8-10; <u>Dean</u>, 1:18-mc-00020, Docs. 26, 28.

Dean's counsel provides no certification of attempts to meet and confer in good faith. Dean's counsel offers no explanation for his failure to meet and confer. For the reasons stated herein, and for failure to meet and confer in good faith, Dean's Motion to Enforce is DENIED. The Court cautions counsel for Dean that strict compliance with this rule will be required in future filings.

Additionally, Rule 45(d)(1) requires that the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ, P. 45(d)(1). The court "where compliance is required *must* enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply. <u>Id.</u> (emphasis added). Here, as noted, Dean's counsel has failed to comply with that obligation. Moreover, Dean's counsel failed to meet and confer in good faith with Akal or Bracewell regarding the Second Subpoena to Bracewell, in violation of Local Rule 37.1. Yet, Dean's counsel has already been advised to reform his First Subpoena and confer with counsel for Akal and Bracewell prior to seeking judicial intervention. <u>See</u> <u>Dean</u>, 1:18-mc-00020, Docs. 26, 28. Accordingly, the Court finds that an award of reasonable expenses, including attorneys' fees, expended in Akal's Motion to Quash the deficient subpoena is an appropriate sanction.

Accordingly,

9

IT IS HEREBY ORDERED that Akal's Motion to Quash (Doc. 4) is GRANTED.

IT IS FURTHER ORDERED that Dean's Motion to Enforce (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that Akal is awarded expenses and reasonable attorneys' fees in connection with the Motion to Quash (Doc. 4). Akal shall submit sufficient evidence for the Court to calculate expenses and attorneys' fees within 14 days from this ruling. Failure to file will be construed as a waiver of the award for expenses and reasonable attorneys' fees.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___8th___ day of April, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge